U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

2017 JAN 26 PM 3: 40

CLERK

BY /s/ _____
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 5:10-cr-82-6 |
| ) | |
| GERARD DEPTULA ) | |

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**
(Docs. 306 & 335)

This matter came before the court for a review of the Magistrate Judge's October 13, 2016 Report and Recommendation ("R & R"). (Doc. 335.) On October 31, 2011, Defendant Gerard Deptula, who is represented by Elizabeth D. Mann, Esq., pled guilty to two counts of traveling in interstate commerce to promote an unlawful activity, in violation of 18 U.S.C. § 1952(a)(3). On December 19, 2014, Mr. Deptula was ordered removed from the country as a result of his conviction, and the Third Circuit affirmed the removal order. On March 9, 2016, Mr. Deptula filed a motion pursuant to 28 U.S.C. § 2255 seeking a reduction of his two year term of supervised release[1] on the grounds that he received ineffective assistance of counsel because his attorney advised him that she did not expect his conviction to be classified as an aggravated felony, thus potentially subjecting him to deportation. (Doc. 306.) Neither party has filed an objection to the R & R, and the time to do so has expired.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); *accord*

---

[1] The court sentenced Mr. Deptula to a term of 18 months imprisonment, to be followed by a two year term of supervised release. Mr. Deptula completed the incarcerative portion of his sentence and is serving his term of supervised release.

*Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

In his twenty-three page R & R, the Magistrate Judge analyzed whether Mr. Deptula timely filed his § 2255 motion and determined that Mr. Deptula failed to satisfy the one year limitation period, which commenced on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). The Magistrate Judge also considered whether the limitation period should be equitably tolled and properly concluded that Mr. Deptula failed to establish that equitable tolling is warranted in this case.

Despite finding that Mr. Deptula's § 2255 motion was untimely, the Magistrate Judge nevertheless proceeded to thoroughly consider the merits of his ineffective assistance of counsel claim. The Magistrate Judge observed that Mr. Deptula did not establish his counsel's performance was deficient, and that Mr. Deptula failed to set forth any support for his contention that, but for his counsel's inadequate representation, he would have gone to trial rather than plead guilty. The Magistrate Judge committed no error in concluding that Mr. Deptula failed to satisfy either prong of the *Strickland* test for establishing ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) ("First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."). In particular, the court notes that Mr. Deptula was repeatedly advised on the record that his conviction may subject him to collateral consequences, including deportation. His plea agreement included this same information:

> GERARD DEPTULA recognizes that pleading guilty may have
> consequences with respect to his immigration status if he is not a citizen of

the United States. Removal and other immigration consequences are the
subject of a separate proceeding, however, and GERARD DEPTULA
understands that no one, including his attorney or the district court, can
predict to a certainty the effect of his conviction on his immigration status.

(Doc. 189 at 5.)

The court finds the Magistrate Judge's conclusions well-reasoned and consistent with the applicable law.

## CONCLUSION

For the foregoing reasons, the court hereby ADOPTS the Magistrate Judge's R & R (Doc. 335), DENIES Mr. Deptula's motion to vacate, and DISMISSES Mr. Deptula's § 2255 motion (Doc. 306).

Pursuant to Fed. R. App. P. 22(b)(1) and 28 U.S.C. § 2253(c)(2), the court DENIES Mr. Deptula a certificate of appealability in this matter because Mr. Deptula has failed to make a substantial showing of the denial of a constitutional right.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 26th day of January, 2017.

Christina Reiss, Chief Judge
United States District Court

3